**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**THOMAS M FROHMAN**
**JAMIE L. ANDREE**
Indiana Legal Services, Inc.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MISTY DeMOSS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 55A04-1209-SC-458 |
| | ) | |
| TOBY DOLAN, | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE MORGAN SUPERIOR COURT**
The Honorable William Van Der Pol, Jr., Judge *Pro Tempore*
Cause No. 55D03-1108-SC-1225

**February 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Contemnor Misty DeMoss appeals the trial court's finding that she acted in direct contempt of court. During a post-judgment hearing, DeMoss repeatedly interrupted and talked over the court and continued speaking after the court had instructed her to stop. The court sentenced her to forty-eight hours in the Morgan County Jail "for being belligerent in court." DeMoss argues that the trial court abused its discretion, claiming that her conduct did not rise to the level of belligerence. Concluding that we cannot say her acts clearly were not contemptuous, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2012, Toby Dolan was awarded a $6090 money judgment against Misty DeMoss in resolution of an undisclosed issue related to DeMoss's eviction from her home four months prior. At a post-judgment hearing on April 4, 2012, the trial court, Judge Jane Craney presiding, ordered that, should DeMoss receive a lump sum payment of Social Security Disability ("SSD") benefits, she was to pay half of that sum to Dolan in satisfaction of the money judgment. The court further ordered DeMoss to reappear on August 8, 2012, to report on her SSD status.

At the August 8 hearing, DeMoss told the court, Judge William Van Der Pol presiding, that she had received a $16,000 lump sum SSD payment but was unable to pay half of it to Dolan as had been ordered by the court. When pressed by the court for an explanation, DeMoss stated that she had spent $9000 of the sum on a used truck, paid $4000 to her grandmother and $400 to Dolan, and bought new clothes with the remainder. The court indicated to DeMoss that her list of expenditures did not address

2

why she had failed to follow the court's order and continued to request that DeMoss explain herself.  The following exchange then took place:

[Court]:  Ma'am, you . . you were in court, and I would assume the Judge sat right up here, right?
[DeMoss]:  Yes.
[Court]:  And told you . .
[DeMoss]:  Uh-huh.
[Court]:  . . if you get a lump sum payment . .
[DeMoss]:  And what does . .
[Court]:  Ma'am, . .
[DeMoss]:  . . the law state that you are allowed to do in that consideration?
[Court]:  Okay.  I'm . . I'm just asking did . . were you sitting here when the Judge told you to do that?
[DeMoss]:  I didn't agree to do it.
[Court]:  I don't really care whether you agreed to do it or not.  Were you sitting here and did the Judge tell you to do these things?
[DeMoss]:  She told me that depending on how much I got back.
[Court]:  How much you got back?
[DeMoss]:  Yeah, if I got my lump sum.
[Court]:  Yeah.  It said . . and I'm going to read you . . read you the orders.
[DeMoss]:  She didn't even know how much . . if I was going to get $3,000 back.
[Court]:  Court has ordered the Defendant to bring letter from her attorney (inaudible) disability status to the next hearing.  Should the Defendant . .
[DeMoss]:  Oh yeah.
[Court]:  . . get a lump sum . .
[DeMoss]:  And I still owe them $500.
[Court]:  Should the Defendant get a lump sum from disability, the Court order that half go to this judgment.  Were you sitting in court when the Court told you to do that?
[DeMoss]:  Yes, I was.
[Court]:  And you simply ignored the Court when the Court . .
[DeMoss]:  No, I didn't.
[Court]:  I . . I'm still waiting for an explanation as to how what you did isn't ignoring what the Court told you to do, ma'am.
[DeMoss]:  I'm not . . I didn't ignore anything.
[Court]:  Okay.  Did you do it then?
[DeMoss]:  I wasn't able to do it.  I did not have . .
[Court]:  I disagree with you, ma'am.
[DeMoss]:  I didn't . .
[Court]:  Court finds you in [indirect] contempt.  …  I'm going to give you 30 days to comply with this Court's Order.  And if you don't, I'm going to

3

send the sheriff out to hold you in contempt and put you in jail for 30 days.

[DeMoss]: That is not what she told me.

[Court]: I don't really care what she told you, ma'am. Listen to what I'm telling you. This is very, very, very simple.

[DeMoss]: I want an attorney.

[Court]: You are not entitled to an attorney, ma'am.

[DeMoss]: I'll have one.

[Court]: That's fine. Would you rather me just put you in jail tonight? Because it sounds to me like you have very little interest in doing anything that this Court . .

[DeMoss]: No.

[Court]: . . tells you to do.

[DeMoss]: I was . . she told me that whenever we came back to this court hearing and I knew . .

[Court]: I'm going to give you . . I'm going to give you . .

[DeMoss]: . . and I knew how much money . .

[Court]: Ma'am, stop.

[DeMoss]: . . I was going to be getting.

[Court]: She's yours. You're gone ma'am.

Tr. p. 7-10.

The trial court held DeMoss in direct contempt of court, sentenced her to forty-eight hours in the Morgan County Jail, and ordered her to reappear before the court on August 10, 2012. DeMoss resisted when taken into police custody, prompting an unidentified female to ask, "You want me to call more security?" Tr. p. 10. Additionally, the officer arresting DeMoss stated, "You keep fighting they're going to get tight (inaudible). We don't want that to happen do we, ma'am?" Tr. p. 10. The officer subsequently added, "You'll stand up when I let you stand up. You understand me? Change your attitude right now. We can add charges to this if you'd like?" Tr. p. 11.

Meanwhile, the court explained to an unidentified friend of DeMoss's that DeMoss had been held in contempt "because of her attitude and her actions in this court and being contemptful of the Court's power and responsibilities here." Tr. p. 13.

4

DeMoss interrupted, stating, "That's not true," and the court responded, "Ma'am, I can add to that if you really want me to. I really don't want to." Tr. p. 13. The court again addressed DeMoss's friend, stating, "[S]he's getting 48 hours because she was a pain in the butt tonight." Tr. p. 14. DeMoss and the Court then conversed as follows:

> [DeMoss]: I have anxiety issues.
> [Court]: I .. ma'am, I deal with folks that have major mental health issues every day of the week.
> [DeMoss]: I have major mental health issues.
> [Court]: I'm sure you do. Okay?
> [DeMoss]: That's why I can't get this hernia cut out of my stomach.
> [Court]: I can't believe that that would have the slightest thing to do with it. But . . but regardless, it might . .
> [DeMoss]: Of course not.
> [Court]: Okay. Ma'am, please . .
> [DeMoss]: You probably also don't realize that . .
> [Court]: Please.
> [DeMoss]: . . the house that I was living in . .
> [Court]: Please . .
> [Demoss]: . . (inaudible).
> [Court]: . . be quiet. Okay? I really don't . . I really . .
> [DeMoss]: (inaudible) right now.
> [Court]: I really don't want to add to this. I really don't.
> [DeMoss]: State Board of Health, not Morgan County.

Tr. p. 14-15.

Before the hearing ended, the trial court stated to Dolan, "You know, the reality is … there's probably … relatively little I can do about this if her only source of income is Social Security Disability. It is government protected." Tr. p. 19. The court added, "But I can't let her just tell me to go . . flip me off either." Tr. p. 19. In its docket entry for the hearing, the trial court stated that DeMoss had been found in contempt "for being belligerent in court." Appellant's App. p. 3.

On August 10, 2012, DeMoss returned to court as ordered and apologized to Judge

Van Der Pol and to the officer whom she had resisted. The court vacated DeMoss's sentence and referred the case back to Judge Craney to address DeMoss's indirect contempt for not applying half of her SSD lump sum to the money judgment. Judge Craney presided over a hearing on August 28, 2012, at which the trial court vacated its order that DeMoss pay half of any SSD lump sum to Dolan.

## DISCUSSION AND DECISION

DeMoss argues that the trial court abused its discretion in finding her in direct contempt of court. "Direct contempt means 'conduct directly interfering with court proceedings while court is in session, including creation of noise or confusion, disrespectful conduct and refusing to take the witness stand in a trial.'" *Russell v. State*, 428 N.E.2d 1271, 1274 (Ind. Ct. App. 1981) (quoting *LaGrange v. State*, 238 Ind. 689, 694 (1958), 153 N.E.2d 593, 596) (emphasis omitted); *accord* Ind. Code § 34-47-2-1 (Direct contempt arises from "a disturbance caused … in any other manner."). "When reviewing a finding of contempt, we accept as true the statement entered by the trial court and will interfere with the judgment only where it clearly appears that the acts were not contemptuous." *Smith v. State*, 893 N.E.2d 1149, 1154 (Ind. Ct. App. 2008).

Here, the trial court stated in the docket entry for the August 8 hearing that DeMoss was found in contempt "for being belligerent." Appellant's App. p. 3. DeMoss admits that she interrupted and talked over the court and continued speaking after the court instructed her to stop, but she claims these acts do not rise to the level of belligerence.[1] We acknowledge that such interruptions may not always constitute

---

[1] DeMoss does not argue that "being belligerent in court" is not contemptuous.

6

contempt. *See State ex rel. Stanton v. Murray*, 231 Ind. 223, 238 (1952), 108 N.E.2d 251, 258 (recognizing that "while certain statements in and of themselves might not constitute direct contempt of court, they might, if made in a rude, insolent and disrespectful manner, constitute direct contempt because of the manner in which the words were spoken"). But because we must accept the court's finding that DeMoss was "belligerent," we cannot say that her acts "clearly were not contemptuous." *Smith*, 893 N.E.2d at 1154. The trial court did not abuse its discretion in finding DeMoss in direct contempt of court.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.